486 S.E.2d 322

**STATE of West Virginia ex rel. Joseph NAZELROD, Petitioner Below, Appellant,**

v.

**Nicholas HUN, Commissioner of the Department of Corrections, Respondent Below, Appellee.**

No. 23705.

Supreme Court of Appeals of West Virginia.

Submitted March 18, 1997.

Decided April 15, 1997.

Deborah A. Lawson, Charles Town, for Appellant.

Pamela Jean Games–Neely, Prosecuting Attorney, Martinsburg, for Appellee.

PER CURIAM:

This is an appeal by Joseph Nazelrod, who is currently confined in the West Virginia Penitentiary for life, from an order of the Circuit Court of Berkeley County denying him habeas corpus relief. On appeal, the appellant claims, among other things, that the circuit court erred in denying him relief without conducting an evidentiary hearing.

After reviewing the issues presented and the documents filed in this case, this Court agrees with the appellant's assertion. The judgment of the Circuit Court of Berkeley County is, therefore, reversed, and this case is remanded for further development including an appropriate evidentiary hearing.

On April 13, 1993, a jury in Berkeley County convicted the appellant of first-degree murder and recommended that he receive mercy in conjunction with his sentence. The appellant filed appropriate motions for new trial. Those motions were denied, and on April.27,1994, the appellant filed a petition for appeal with this Court. This Court subsequently denied the appeal by 4 to 1 vote.

Following denial of the appeal, the appellant reasserted all grounds raised on appeal in a post-conviction habeas corpus petition which he filed with the Circuit Court of Berkeley County. In the petition he also asserted additional matters not raised on direct appeal. These additional matters suggested that he had received ineffective assistance of counsel during his trial.

As previously indicated, the circuit court denied the petition for habeas corpus without granting the appellant an evidentiary hearing.

This Court has recognized that a hearing is not required in all habeas corpus proceedings. For example, in Syllabus Point 1 of *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973), this Court has stated:

> A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.

■ On the other hand, the court has stated in Syllabus Point 5 of *Gibson v. Dale,* 173 W.Va. 681, 319 S.E.2d 806 (1984), that:

> A habeas corpus petitioner is entitled to careful consideration of his grounds for relief, and the court before which the writ is made returnable has a duty to provide whatever facilities and procedures are necessary to afford the petitioner an adequate opportunity to demonstrate his entitlement to relief.

In the petition in the present case, the appellant claims that his constitutional rights were denied when the trial court during the trial on his homicide indictment allowed the prosecution to introduce three statements which the appellant gave to law enforcement personnel. It appears to this Court that the circumstances relating to the taking of the statements was very extensively developed during the appellant's trial, and although the evidence was conflicting, the record itself suggests that there was an appropriate basis for the trial court to conclude that the statements were voluntary. There is also an indication that the Circuit Court of Berkeley County, before denying the appellant's petition for habeas corpus, reviewed the records developed and gave the claims relating to the involuntariness of the confessions a full review.

Apart from claiming that the confessions were improperly admitted, the appellant in his habeas corpus petition also claimed that he was denied effective assistance of counsel during his trial. Among other points, he claimed that his trial counsel failed to advise him of the nature and consequences of various trial decisions, that trial counsel failed to subpoena witnesses for trial, that his defense was unduly impaired by numerous continuances, that his attorney failed to object to the introduction of certain foundation evidence for scientific testimony, and that his attorney's mental effectiveness was somewhat impaired during trial. Also, in the present proceeding, counsel for the respondent argues that certain of the actions of trial counsel were taken as a matter of trial strategy, and that it is perfectly plausible that counsel was ineffective in pursuing such a strategy.

An examination of the ineffective assistance of counsel claim requires an examination of facts not developed in the appellant's trial transcript. For instance, the advice that trial counsel gave, or failed to give the appellant, is not in the trial transcript. Similarly, why counsel failed to object to evidence, or what his specific trial strategy was, does not appear in the record.

In light of this, this Court believes that a fair consideration of the appellant's habeas corpus petition requires that the factual circumstances surrounding the actions of defense counsel during trial must be established with some certainty, and on the record, before an appropriate determination can be made as to the merit of the appellant's habeas corpus allegations. Under these circumstances the Court believes that Syllabus Point 5 of *Gibson v. Dale, supra* dictates that an evidentiary hearing must be conducted on the appellant's habeas corpus petition. This Court also believes that the trial court in this case erred in failing to conduct such a hearing.

Because a hearing is necessary, this Court believes that the judgment of the Circuit Court of Berkeley County must be reversed and that this case must be remanded with directions that the circuit court afford the appellant a meaningful hearing and an adequate opportunity to demonstrate his entitlement to relief and that the circuit court must reassess the appellant's claims in this habeas corpus proceeding in light of such evidence.

The judgment of the Circuit Court of Berkeley County is, therefore, reversed, and this case is remanded for additional evidentiary development and reconsideration consistent with the principles set forth herein.

Reversed and remanded with directions.