490 S.E.2d 858

STATE of West Virginia ex rel. Stevie Wayne BAILEY, Plaintiff Below, Appellant,

v.

Carl LEGURSKY, Warden of the West Virginia State Penitentiary, Defendant Below, Appellee.

No. 23832.

Supreme Court of Appeals of West Virginia.

Submitted April 23, 1997.

Decided July 16, 1997.

Lena S. Hill, Pineville, for Appellant.

Darrell V. McGraw, Jr., Attorney General, Rory L. Perry, Assistant Attorney General, Charleston, for Appellee.

PER CURIAM:

This case is before this Court upon an appeal from the final order of the Circuit Court of Wyoming County, West Virginia, entered on January 12, 1996. As reflected in the order, the circuit court denied the appellant, Stevie Wayne Bailey, habeas corpus relief with regard to his 1985 conviction of the offense of murder of the first degree, without a recommendation of mercy. The appellant is incarcerated at the Mt. Olive Correctional Complex in Fayette County, West Virginia. The appellant's assertions below include the principal claim that his murder conviction resulted from ineffective assistance of counsel.

This Court has before it the amended petition for appeal, all matters of record and the briefs and argument of counsel. Upon a careful review of the record, and particularly in view of the thorough and well-reasoned

memorandum of opinion of the court below, this Court concludes that the matters raised by the appellant in this appeal are without merit. Accordingly, the final order of the circuit court is affirmed.

## I

Prior to the institution of this habeas corpus proceeding, the appellant's murder conviction was affirmed by this Court, upon direct appeal, in *State v. Bailey*, 179 W.Va. 1, 365 S.E.2d 46 (1987). As stated in the opinion of this Court in *Bailey*, the evidence of the State admitted at trial indicated that the appellant shot and killed the victim, Dan Holcomb, as the result of an altercation between the two on February 13, 1985, at Holcomb's residence. The altercation arose because of a romantic relationship between the appellant and Holcomb's wife, Kathy Holcomb. Immediately following the shooting, the appellant walked to a nearby house and requested the occupants to call the police. Less than a week before trial, the appellant and Kathy Holcomb were married.

Kathy Holcomb did not testify during the appellant's trial, but her prior statement to the police, i.e., that before the incident of February 13, 1985, the appellant threatened to kill Dan Holcomb, was admitted into evidence. In *Bailey*, this Court held that the admission of that statement was neither precluded by marital privilege (as between the appellant and Kathy Holcomb) nor by this State's rules governing hearsay. As the opinion in *Bailey* states, this Court determined that the record contained "sufficient indicia of trustworthiness to sustain the admission of the statement." 179 W.Va. at 5, 365 S.E.2d at 50.

Following the opinion of this Court in *Bailey*, the appellant instituted this habeas corpus proceeding in the circuit court. *W. Va. Code*, 53–4A–1 [1967], *et seq.* An attorney separate from the appellant's counsel at trial was appointed to represent him, and a special judge was appointed by this Court to preside in the matter. On June 6, 1994, an evidentiary hearing was conducted. Syl. pt. 1, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). Following the hearing, as reflected in the final order, habeas corpus relief was denied.

## II

The primary issue raised by the appellant in this appeal from the denial of habeas corpus relief concerns the effectiveness of his counsel with regard to the underlying murder trial. This Court has recognized that the Sixth Amendment to the *Constitution of the United States* and article III, § 14, of the *Constitution of West Virginia* not only assure the "assistance of counsel" to a defendant in a criminal proceeding but also assure that such a defendant receive competent and effective assistance of counsel. As stated in *Cole v. White*, 180 W.Va. 393, 395, 376 S.E.2d 599, 601 (1988): "The right of a criminal defendant to assistance of counsel includes the right to effective assistance of counsel." *State ex rel. Levitt v. Bordenkircher*, 176 W.Va. 162, 167, 342 S.E.2d 127, 133 (1986).

That the right to assistance of counsel in criminal cases includes the right to effective assistance of counsel was articulated by the Supreme Court of the United States in the leading case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Strickland*, a two-pronged test was established for the review of claims of ineffective assistance of counsel. Generally, the first prong requires that a criminal defendant show that counsel's performance was deficient, and the second prong requires a showing that the deficient performance prejudiced the defense. The *Strickland* test was expressly recognized by this Court in *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Describing the test in detail, syllabus point 5 of *Miller* holds:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Moreover, as stated in *Miller* in syllabus point 6:

> In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*See* syl. pts. 1 and 2, *Ronnie R. v. Trent,* 194 W.Va. 364, 460 S.E.2d 499 (1995). *See also State ex rel. Daniel v. Legursky,* 195 W.Va. 314, 465 S.E.2d 416 (1995), holding that counsel must make a "reasonable investigation" of the case in order to provide effective assistance to an accused in a criminal proceeding.

Here, the appellant indicates that his counsel at trial was ineffective because (1) no motions for discovery were filed, indicating that counsel did not adequately investigate the case, (2) trial counsel failed to cross-examine the appellant's sister, Margaret Bailey, concerning his whereabouts on the morning of the shooting, (3) trial counsel failed to adequately pursue the prosecutor's misstatement to the jury during final argument that the appellant said he felt no remorse concerning the death of Dan Holcomb, (4) trial counsel should have challenged Kathy Holcomb's statement, i.e., that the appellant had threatened to kill Dan Holcomb, by calling her as a witness and subjecting her to examination before the jury, and (5) trial counsel failed to thoroughly *voir dire* both prospective juror Muncy, who as an employee of the Department of Human Services had worked with the prosecutor with regard to "child placements and home investigations," and prospective juror Lilly, who expressed a hatred of adultery.[1]

---

1. In addition to his claim of ineffective assistance of counsel, the appellant makes several other assertions which were rejected by the circuit court during the habeas corpus proceeding. Upon review, this Court also concludes that those assertions are without merit. First, the appellant contends that the prosecutor improperly expressed a personal opinion to the jury to the effect that Dan and Kathy Holcomb's children were upset because the appellant had broken up the family. In rejecting that contention, the circuit court stated: "The Prosecutor ... pointed out what was readily apparent from the whole evidence, that is to say, that prior to the killing the Holcomb family 'had been broken apart.' This, also, was not improper and was fair argument." In addition, the appellant contends that he was denied a fair trial because the trial judge failed to admonish the jury, before a weekend break in the proceedings, not to discuss the case or listen to news accounts, *etc.* The appellant admitted, however, that the court, during the trial, had so admonished the jury on other occasions. In finding the appellant's contention to be speculative, the circuit court stated: "Petitioner has presented absolutely no evidence that any Juror was ever affected by any pretrial or in-trial publicity or other exposure to the Murder case outside of Court."

Moreover, the appellant asserts that the verdict form was defective because the verdict returned by the jury did not specifically state "without mercy." However, a review of the verdict form reveals that the State is correct in its response that "the verdict form itself makes the jury's options clear; there is simply no factual basis for

Appellant's assertion that the jury could not have known that the verdict it returned was without mercy." As the circuit court found, the possible verdicts included "Guilty of Murder in the First Degree [and] Guilty of Murder in the First Degree and Add to Our finding a Recommendation of Mercy." Also, the appellant, who testified during the murder trial, contends that his conviction is defective because the trial court failed to explain to him his right to testify or not testify before the jury. The appellant's trial, however, was in 1985, and this Court's decision in *State v. Neuman,* 179 W.Va. 580, 371 S.E.2d 77 (1988), upon which he relies, and which discusses the duty of a trial court to determine whether a criminal defendant understands his right to testify or not testify, was decided much later. In any event, the circuit court indicated that any error in that regard was "harmless beyond a reasonable doubt." *See State v. Blake,* 197 W.Va. 700, 478 S.E.2d 550 (1996), stating, generally, that *Neuman* is not to be applied retroactively.

Finally, the appellant asserts that State's instruction no. 5, concerning the use of a deadly weapon in this case, should have been tempered by language to the effect that the appellant claims to have been under the influence of alcohol and drugs at the time of the shooting. As syllabus point 6 of *State v. Jenkins,* 191 W.Va. 87, 443 S.E.2d 244 (1994), states in part:

> It is erroneous in a first degree murder case to instruct the jury that if the defendant killed the deceased with the use of a deadly weapon, then intent, malice, willfulness, deliberation, and premeditation may be inferred from that fact, *where there is evidence that the defendant's*

■ With regard to the discovery and investigation of the case, however, it should be noted, as indicated by both the circuit court and the State, that counsel for the appellant relied upon a "confession and avoidance" type of defense, in view of the virtually uncontroverted facts surrounding the shooting and the appellant's alleged use of alcohol and drugs.[2] Nevertheless, as revealed during the hearing of June 6, 1994, counsel had at least eleven or twelve conferences with the appellant and invested nearly 100 hours in preparation for trial. Moreover, as the circuit court specifically found, defense counsel had an intimate familiarity with the facts and circumstances of the case and conducted a "reasonably sufficient investigation," including spending "in-office" time with the appellant and going to the crime scene. The appellant's assertion with regard to discovery and investigation of the case is, therefore, without merit. The appellant failed to meet the standards set forth in *Miller, supra.*

■ Nor does this Court find merit in regard to trial counsel's decision to not cross-examine the appellant's sister, Margaret Bailey, as to his whereabouts on the morning of the shooting. Although the shooting occurred later that day, Margaret Bailey indicated at trial that the appellant was with her until about noon that morning. As the State contends herein, however, Margaret Bailey was rather uncertain at trial "about any de-

tails about the Appellant's presence in the house that morning." Therefore, in view of Margaret Bailey's testimony, accurately characterized by the State as equivocal, we find no justification in the assertion that the failure to cross-examine her constituted ineffective assistance of counsel.

■ With regard to the next point of controversy, the record, in fact, shows that the prosecutor told the jury that the appellant stated that he felt no remorse concerning the death of Dan Holcomb. In so stating, the prosecutor was referring to the report of a clinical psychologist, Dr. Brezinski, who had been called as a witness by the appellant in support of his defense of diminished capacity due to alcohol and drugs. However, the appellant's "lack of remorse" was an opinion of Dr. Brezinski, rather than a statement by the appellant. Nevertheless, upon the appellant's objection to the prosecutor's comment, the prosecutor then told the jury: "The doctor noted in his report, the psychologist noted in his report that Steve felt no remorse." Thereafter, during the habeas corpus proceeding, the circuit court found no evidence of prosecutorial misconduct or "improper prosecutorial remarks to the jury" to warrant any relief for the appellant. This Court agrees with that conclusion. As the brief of the State filed in this Court states: "Dr. Brezinski was a defense witness who pre-

actions were based on some legal excuse, justification, or provocation.
(emphasis added).

Nevertheless, considering State's instruction no. 5, which stated that "[t]he Court instructs the jury that malice, wilfulness, and deliberation, which are elements of the crime of first degree murder, may be inferred from the intentional use of a deadly weapon in the commission of said offense," the circuit court during the habeas proceeding, referring to other jury instructions, found that the jury was "properly and fully instructed on his 'diminished capacity' defense as excuse or justification for commission of the act."

In particular, State's instruction no. 6, given at trial, allowed the jury to consider the appellant's evidence of intoxication in connection with the evidence of the State. As this Court held in syllabus point 6 of *State v. Milam,* 159 W.Va. 691, 226 S.E.2d 433 (1976): "When instructions are read as a whole and adequately advise the jury of all necessary elements for their consideration, the fact that a single instruction is incom-

plete or lacks a particular element will not constitute grounds for disturbing a jury verdict."

2. As the circuit court observed in its memorandum of opinion in this habeas corpus proceeding:

[D]efendant's only arguable defense was that he was so "spaced out" on alcohol and other drugs at the time of the killing that he did not know what he was doing. As any experienced trial practitioner can tell, it is, at the minimum, a Herculean task to get any jury to accept the contention that a defendant is so drunk he did not know what he was doing when the clear and undisputed facts also show that the defendant deliberately got a rifle, walked through the snow to his neighbor's house, talked and wrestled with the neighbor, with steadiness shot the neighbor three times and killed him, went down the snow-covered hill and snow-covered road to a particular friend's house and told the friend and his wife to call the police because he had shot and probably killed a man.

sented extensive credible testimony concerning Appellant's lack of impulse control. As a strategic matter, defense counsel acted properly not to call undue attention to Mr. Brezinski's conclusions about Appellant's lack of remorse."

■ A review of the record demonstrates that the decision not to call Kathy Holcomb as a witness, concerning her statement about the appellant's threat, was also a matter of strategy. The appellant's counsel had unsuccessfully challenged the statement prior to trial and was of the opinion that calling Ms. Holcomb as a witness before the jury would have subjected her to questioning by the State and, thus, could have resulted in further incrimination of the appellant. As the appellant's counsel testified during the hearing of June 6, 1994:

> I had to make a strategic decision about whether to limit the statement as it was introduced or call the then Mrs. Bailey to clarify or refute the statement and open her up for cross examination, and, as I remember, we thought long and hard about what was the best thing to do, and we finally determined that what we ought to do is let the statement stay in in the limited fashion it was introduced.

Clearly, the decision not to call Kathy Holcomb as a witness was a judgment made by the appellant's counsel upon a reasonable evaluation of the circumstances at hand. Accordingly, no ineffective assistance of counsel has been shown.

■ Finally, with regard to the alleged failure to more thoroughly *voir dire* prospective jurors Muncy and Lilly, it should be noted that, not only were Muncy and Lilly struck from the jury panel in the appellant's case, the appellant failed to develop this issue during the subsequent habeas corpus proceeding. Moreover, with regard to Muncy, this Court observed in *Bailey* that Muncy indicated "no knowledge of this case." 179 W.Va. at 5, 365 S.E.2d at 50. Consequently, the appellant failed to sustain his burden that his trial counsel's conduct was deficient during the *voir dire* process.

In *Strickland, supra,* the Supreme Court of the United States stated:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

■ Here, the circuit court, in its memorandum of opinion, stated that the appellant's counsel "represented a difficult defendant in an extremely difficult case in an appropriate fashion." An examination of the record demonstrates that the circuit court was correct in that assessment. Moreover, a review of the habeas corpus proceedings below indicate that the circuit court conducted the case in a manner consistent with syllabus point 5 of *Gibson v. Dale,* 173 W.Va. 681, 319 S.E.2d 806 (1984), which states: "A habeas corpus petitioner is entitled to careful consideration of his grounds for relief, and the court before which the writ is made returnable has a duty to provide whatever facilities and procedures are necessary to afford the petitioner an adequate opportunity to demonstrate his entitlement to relief." *See also* syl., *State ex rel. Nazelrod v. Hun, Commissioner,* No. 23705, 199 W.Va. 582, 486 S.E.2d 322 (1997).

Upon all of the above, therefore, this Court is of the opinion that the petitioner failed to demonstrate ineffective assistance of counsel within the principles enunciated in *Strickland* and *Miller, supra.* Moreover, the other issues raised by the appellant are without merit. *See* n. 1, *supra.* Consequently, the appellant is not entitled to the relief sought in the habeas corpus proceeding. Accordingly, the final order of the Circuit Court of Wyoming County, entered on January 12, 1996, is affirmed.

Affirmed.