# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Steve Wayne Bailey,**
**Petitioner Below, Petitioner**

**FILED**

**November 16, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 17-0522** (Wyoming County 08-C-233)

**Ralph Terry, Superintendent,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Steve Wayne Bailey, by counsel Timothy P. Lupardus, appeals the May 9, 2017, order of the Circuit Court of Wyoming County that denied his petition for habeas corpus without an omnibus evidentiary hearing. Respondent Ralph Terry, Superintendent, Mt. Olive Correctional Complex,[1] by counsel Benjamin F. Yancey, III, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted by a jury of the offense of murder in the first degree in 1985, and sentenced to life in prison without the possibility of parole. Petitioner appealed his conviction and sentence, and this Court affirmed the convictions in *State v. Bailey*, 179 W. Va. 1, 365 S.E.2d 46 (1987). Petitioner filed his first petition for writ of habeas corpus in 1993. An omnibus hearing was held on petitioner's petition, which was denied by the circuit court, and that denial was affirmed by this Court in *State ex rel. Bailey v. Legursky, Warden*, 200 W. Va. 769, 490 S.E.2d 858 (1997). Petitioner filed an additional petition for writ of habeas corpus in 2000, which was denied by the circuit court without a hearing, and refused by this Court. Petitioner filed a third petition for habeas corpus in January of 2004. Following a hearing, the

---

[1] Effective July 1, 2018, the positions formerly designated as "wardens" are now "superintendents." *See* W.Va. Code § 15A-5-3. At the time of the filing of this appeal, David Ballard was then warden at Mount Olive Correctional Center and, as such, was originally listed as the respondent below. However, the acting warden, now superintendent, is Ralph Terry. Accordingly, the Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

1

circuit court denied petitioner's relief, citing the two previous habeas petitions, and this Court refused the appeal in July of 2006.

In 2008, petitioner filed the instant habeas petition. The circuit court denied petitioner's petition without appointing counsel, and without a hearing. Petitioner appealed that denial, and this Court vacated the circuit court order denying habeas relief, and remanded the matter for reconsideration.[2] Petitioner was appointed counsel, and filed an amended petition raising ten grounds for relief (1) erroneous jury instruction; (2) failure by the trial court to apply the marital privilege doctrine; (3) ineffective assistance of counsel; (4) unfair adjudication; (5) equal protection violations in the trial court's failure to recognize the marriage between petitioner and his wife[3]; 6) ineffective assistance of prior habeas counsel; (7) failure of the judge and prosecutor to recuse themselves; (8) errors regarding the allegations that petitioner's wife was threatened by the State to remove her children from her custody; (9) allegations that the prosecutor improperly approached the jurors to influence the verdict; and (10) a recent change in the law regarding diminished capacity, as announced in *State v. Joseph*, 214 W. Va. 525, 590 S.E.2d 718 (2003).

Without conducting an evidentiary hearing, the circuit court denied petitioner's amended petition for habeas corpus by order entered May 9, 2017. The circuit court found that eight of petitioner's grounds were raised and addressed in prior habeas petitions. With respect to ground nine, the circuit court found that there was inadequate support in the record, and no evidence that the prosecutor approached the jurors for the purpose of influencing the verdict. With regard to ground ten, the circuit court found that there was no change in the law which may be applied retroactively, and that petitioner failed to cite any authority indicating that *Joseph* applies retroactively. It is from the May 9, 2017, order of the Circuit Court of Wyoming County that petitioner now appeals.

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006). Petitioner argues that the trial court erred in admitting evidence in the form of an excited utterance made by his then-wife, in violation of the Confrontation Clause of the United States and West Virginia Constitutions. Further, petitioner argues that the circuit court erred in failing to grant an evidentiary hearing on his claims that the prosecutor acted improperly, and that petitioner's trial counsel had a conflict of interest that rendered his representation of petitioner ineffective.

---

[2] Judge John Hrko presided over petitioner's 2008 petition. This Court overruled the circuit court's denial of the petition finding that Judge Hrko had previously voluntarily recused himself from this matter in 1992. Ultimately, Judge Vickers was appointed to preside over petitioner's case.

[3] Petitioner is accused of killing the husband of his lover, Kathy Holcomb, who married petitioner one week before his circuit court trial.

Petitioner first avers that the trial court erred in admitting before the jury an excited utterance made by his wife, Kathy Holcomb. However, petitioner failed to plead this assignment of error in his habeas petition before the circuit court.[4] We have held that "[e]rrors assigned for the first time on appeal will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court had objection been raised there." Syl. Pt. 1, *State v. Berry*, 227 W. Va. 221, 707 S.E.2d 831 (2011). Accordingly we decline to consider this issue on appeal.

Petitioner further alleges that the circuit court erred in refusing to grant an evidentiary hearing on two claims made in his habeas petition. Petitioner complains that the circuit court erred in not holding an evidentiary hearing on petitioner's claim that the prosecutor improperly influenced the jury; and that his trial counsel also represented a State witness, and was therefore ineffective. We disagree. Here, the circuit court found, and we agree that petitioner failed to present sufficient evidence to support the instant claims. We have held that,

> "[o]n an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973).

*Syl. Pt. 2, Tex S. v. Pszczolkowski*, 236 W. Va. 245, 778 S.E.2d 694 (2015). Further,

> "[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973).

Syl. Pt. 3, *Tex S*. As petitioner did not submit any affidavits or other evidence to support his assertions, we find that the circuit court did not abuse its discretion in declining to hold an evidentiary hearing as requested by petitioner.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 16, 2018

---

[4] In his direct appeal to this Court, petitioner objected to the admission of this evidence, arguing that its admission violated West Virginia Code § 57-3-3 which prohibits the testimony of one spouse against another. This Court rejected that claim finding that although the parties were married at the time of trial, that West Virginia Code § 57-3-3 did not apply to the instant statement because the statement, which was read to the jury, was not "testimony," and was admissible under the hearsay exception contained in West Virginia Rule of Evidence 804(b)(5). *See Bailey*, 179 W. Va. at 3, 365 S.E.2d at 48.

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment