B. E. REYNOLDS *v.* VIRGINIAN RAILWAY COMPANY

(No. 8379)

Submitted April 8, 1936. Decided April 28, 1936.

360

*John R. Pendleton,* for plaintiff in error.

*Sanders & Day* and *Walter G. Burton,* for defendant in error.

LITZ, JUDGE:

This is an action for personal injury under the Federal Employers' Liability Act, 45 U. S. C. A., Sec. 51 *et seq.* The writ of error was awarded at the instance of defendant, Virginian Railway Company, to a judgment entered on the verdict of a jury for $10,500.00 against it in favor of the plaintiff, B. E. Reynolds.

Plaintiff suffered the injury complained of by a fall while engaged in repairing the inside of a large steam boiler of defendant (in its steam generating electric plant at Narrows, Virginia) when two strands of three-quarter inch rope sustaining one end of a swinging scaffold on which he was working gave way. The platform of the scaffold (eighteen inches wide and sixteen feet long) was suspended at each end by a tackle secured at the top by two strands of rope (commonly called a sling) attached to metal tubes in the boiler and tied into a hook of the tackle, and connected with the platform at the bottom by strands of rope (designated slings) tied into the other hook of the tackle and fastened to the corners of the platform. Plaintiff was precipitated by the breaking of one of the top slings. Reynolds supervised and assisted in the construction of the scaffold which had been installed about two months prior to the accident. He had previously supervised and assisted in the construction of similar scaffolds for defendant.

The basis of the action is that the two strands of rope which broke, causing the injury, were defective, and that plaintiff had used this rope in constructing the scaffold, under protest, at the direction of his superior, Cleve Bowser. On a former writ, we affirmed the judgment of the circuit court, setting aside a verdict in favor of plaintiff for $15,000.00, upon the ground that he had failed to show substantial compliance with the alleged instruction of Bowser in the use of the defective rope. 116 W. Va. 331, 180 S. E. 271. Reynolds previously had used an inch or inch and a quarter rope for the slings in the construction of similar scaffolds. He testified that after using all of the one inch and one inch and a quarter rope that he could find, he applied to Bowser for sufficient rope to make the top slings and one of the lower slings in order to complete the scaffold; that Bowser directed him to use the defective three-quarter inch rope by doubling it. (Bowser denied that he had directed Reynolds to use the rope.) It was held in our former decision (and we believe rightly) that the instruction of Bowser to Reynolds to double the rope (if given) required Reynolds to use twice as many strands of the three-quarter inch rope as he had been using of the one inch or one and a quarter inch rope, and that plaintiff having the burden of proving compliance with the instruction, it could not be presumed, in the absence of evidence tending to establish the fact, that he used twice the number of strands of the three-quarter inch rope in making the top slings that he had been using of the one inch or one inch and a quarter rope.

Plaintiff did not, upon the re-trial, supply the proof of this vital fact. Moreover, defendant adduced evidence tending to show that two strands of the one inch or one inch and a quarter rope had been used in the top slings. Counsel for plaintiff rely upon the following question and answer in his testimony, to prove that only one strand of the one inch or one and a quarter inch rope had theretofore been used in the top slings: "You say you had been formerly using one one and a quarter inch

rope in slings? A. Yes, sir." If the question was correctly registered by the court reporter, we cannot say that the witness understood it as meaning that he had used only one strand of the one inch or one inch and a quarter rope, for he had not theretofore so stated, and had referred to the ropes customarily used as one inch or one and a quarter inch rope. This evidence is not sufficiently certain and definite to meet the requirements of the law.

In view of the unchanged state of the record, favorable to plaintiff, the judgment of the circuit court must be reversed. The determination of an issue by an appellate court will be regarded as the law of the case upon a subsequent review unless there has been a material change in the record justifying a different ruling. *Leitch* v. *C. & O. Ry. Co.,* 101 W. Va. 230, 133 S. E. 140; *Keller* v. *N. & W. Ry. Co.,* 113 W. Va. 286, 167 S. E. 448; *Kaufman* v. *Catzen,* 100 W. Va. 79, 130 S. E. 292.

The judgment is, therefore, reversed, the verdict of the jury set aside, and a new trial awarded.

*Reversed and remanded.*