**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Gregory I. Settle,**
**Petitioner Below, Petitioner**

**vs)   No. 17-0337** (Kanawha County 15-P-562)

**Ralph Terry, Acting Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**January 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Gregory I. Settle, pro se, appeals the March 22, 2016, order of the Circuit Court of Kanawha County denying his petition for a writ of habeas corpus. Respondent Ralph Terry, Acting Warden, Mt. Olive Correctional Complex,[1] by counsel Gordon L. Mowen, II, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that there is no final appealable order in this case. For these reasons, a memorandum decision dismissing the appeal without prejudice and remanding this case to the circuit court for further proceedings is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury verdict finding petitioner guilty of one count of daytime burglary and one count of first-degree sexual assault, the circuit court sentenced him to a term of incarceration of two to fifteen years for the burglary conviction and a term of incarceration of fifteen to twenty-five years for the sexual assault conviction. The circuit court ordered that petitioner serve his sentences consecutively. Petitioner sought review of his convictions, but this Court refused his appeal by order entered on April 8, 2009.

On September 3, 2009, petitioner, pro se, filed a petition for a writ of habeas corpus. The

---

[1]Since the filing of the petition in this case, the warden at Mount Olive Correctional Complex has changed and the acting warden is now Ralph Terry. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

1

circuit court appointed counsel for petitioner and then held an evidentiary hearing on May 12, 2014. Following that hearing, the circuit court denied the habeas petition by order entered on August 19, 2014. Petitioner appealed the circuit court's August 19, 2014, order. In *Settle v. Ballard*, No. 14-0907, 2015 WL 5086766 (W.Va. August 28, 2015) (memorandum decision), this Court affirmed the denial of habeas relief.

On December 30, 2015, petitioner, pro se, filed a second habeas petition alleging that his attorney in the first habeas proceeding was ineffective. The circuit court denied the second petition by order entered on March 22, 2017. On March 31, 2017, petitioner filed a motion pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure requesting that the circuit court alter or amend its March 22, 2017, order. Petitioner also filed an appeal from the circuit court's March 22, 2017, order on April 6, 2017, along with a motion for appointment of appellate counsel. By scheduling order entered on April 21, 2017, this Court ruled that the motion for appointment of appellate counsel would be considered with the merits of petitioner's appeal.

Rule 10 of the West Virginia Rules Governing Habeas Corpus Proceedings ("habeas rules") provides that the West Virginia Rules of Civil Procedure apply to habeas proceedings "to the extent that they are not inconsistent with [the habeas] rules." *See also State ex rel. Parsons v. Zakaib*, 207 W.Va. 385, 389, 532 S.E.2d 654, 658 (2000) (same). Rule 59(e) provides that a "motion to alter or amend the judgment shall be filed not later than 10 days after entry of the judgment." A timely-filed motion to alter or amend judgment "suspends the finality of the judgment and makes the judgment unripe for appeal." Syl. Pt. 7, in part, *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995). In *James M.B.*, we found that, with rare exceptions not pertinent here, "the 'finality rule' is mandatory and jurisdictional." 193 W.Va. at 292, 456 S.E.2d at 19; *see also McGraw v. American Tobacco Co.*, 224 W.Va. 211, 219-20, 681 S.E.2d 96, 104-05 (2009) (same).

On appeal, neither party addresses the pendency of petitioner's Rule 59(e) motion. However, in syllabus point 2 of *James M.B.*, we held that "this Court has the inherent power and duty to determine unilaterally its authority to hear a particular case" and that "[p]arties cannot confer jurisdiction on this Court directly or indirectly where it is otherwise lacking." 193 W.Va. at 291, 456 S.E.2d at 18. Upon our review of the record herein, we find that petitioner's Rule 59(e) motion to alter or amend the March 22, 2017, order was timely filed on March 31, 2017, and the circuit court has yet to rule on it. Therefore, we conclude that the finality of the circuit court's March 22, 2017, order is currently suspended making it unripe for appeal. Accordingly, we dismiss petitioner's appeal without prejudice and remand this case so that the circuit court can rule on his motion to alter or amend its March 22, 2017, order.[2]

---

[2]Petitioner contends that his motion for the disqualification of The Honorable Jennifer F. Bailey is also pending in his second habeas proceeding. We disagree. Petitioner filed the motion for disqualification on October 3, 2015, nearly three months before the initiation of his second habeas proceeding on December 30, 2015. Accordingly, the motion was filed in petitioner's first habeas proceeding, a closed case.

Dismissed, Without Prejudice, and Remanded.[3]

**ISSUED:** January 8, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[3]Given our dismissal of petitioner's appeal, we deny his motion for appointment of appellate counsel as moot.