# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Raymond Elswick,**
**Petitioner Below, Petitioner**

**vs)  No. 17-0075** (Roane County 15-C-14)

**Michael Martin, Acting Warden,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**February 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Raymond Elswick, by counsel D. Kyle Moore, appeals the Circuit Court of Roane County's December 27, 2016, order denying his petition for writ of habeas corpus. Respondent Michael Martin, Acting Warden, by counsel Sarah B. Massey, filed a response and supplemental appendix.[1] On appeal, petitioner argues that the circuit court erred in denying his motions for production of transcripts, discovery, and leave of court to conduct discovery.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2008, petitioner was convicted of voluntary manslaughter and conspiracy. He was subsequently sentenced to a term of life in the state penitentiary due to two prior felony convictions. Petitioner filed a direct appeal, and this Court affirmed petitioner's convictions and sentence. *See State v. Elswick*, 225 W.Va. 285, 693 S.E.2d 38 (2010). In 2011, petitioner filed his first petition for writ of habeas corpus. Petitioner was denied habeas corpus relief, and we affirmed the denial in 2014. *See Elswick v. Plumley*, No. 13-1110, 2014 WL 5328650 (W.Va. Oct. 20, 2014)(memorandum decision).

Petitioner, pro se, filed a second petition for writ of habeas corpus on March 26, 2015. Subsequent to this filing, petitioner filed a "Motion for Production of Transcripts" requesting transcripts from certain proceedings in his underlying cases. Because petitioner failed to obtain

---

[1]Since the filing of the petition in this case, the warden at Huttonsville Correctional Center has changed, and the acting warden is now Michael Martin. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

leave of court to conduct discovery, petitioner's motion was denied on May 18, 2015.

Thereafter, counsel was appointed to represent petitioner. On June 12, 2015, petitioner filed a "Motion for Leave of Court to Conduct Discovery" and a "Motion for Discovery." In petitioner's motion for leave, he asserted only that "[d]iscovery in this case is essential to enable the [p]etitioner, and counsel, a fair and equitable chance to prepare any amendments to [p]etitioner's pro se [p]etition for [h]abeas [c]orpus" and "[d]iscovery in this case is essential for the [p]etitioner to accumulate admissible evidence for any evidentiary hearing in this matter[.]" Petitioner's "Motion for Discovery" was also conclusory in nature. The motion requested certain transcripts and stated that "these transcripts will, at the very least, lead to admissible evidence at any evidentiary hearing on [p]etitioner's [p]etition for [h]abeas [c]orpus." On July 15, 2015, the circuit court advised the parties that these motions would be taken under advisement.

The record does not contain a subsequent order addressing these motions, but the parties appeared for an omnibus evidentiary hearing on August 26, 2016. By "Judgment Order' entered on December 27, 2016, the circuit court denied petitioner's second petition for writ of habeas corpus. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

Petitioner argues that the circuit court erred in denying his motions for production of transcripts, discovery, and leave of court to conduct discovery. Petitioner argues that, had the circuit court granted his motions, "he would have been able to more adequately develop his testimony and evidence to present at the omnibus evidentiary hearing" and "may have been able to demonstrate to the [c]ourt that he was entitled to the relief he sought" in his second petition for writ of habeas corpus. Petitioner concludes that, by failing to grant these motions, he was denied "the necessary facilities and procedures for an adequate inquiry into his [p]etition and the allegations therein."

In relevant part, Rule 7 of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia provides that "a prisoner may invoke the processes of discovery available under the West Virginia Rules of Civil Procedure if, and to the extent that, the court in the exercise of its discretion, and for good cause shown, grants leave to do so." "[U]nlike an ordinary civil litigant, a habeas petitioner 'is not entitled to discovery as a matter of ordinary course.'" *State ex rel. Parsons v. Zakaib*, 207 W.Va. 385, 390, 532 S.E.2d 654, 659 (2000) (citation omitted). Rather, "discovery is available only where a court in the exercise of its discretion determines that such process would assist in resolving a factual dispute that, if

resolved in the petitioner's favor, would entitle him or her to relief." *Id.* at 386, 532 S.E.2d at 655, Syl. Pt. 3.

We find no error in the circuit court's denial of petitioner's motion for production of transcripts. Petitioner had not obtained leave of court to conduct discovery; therefore, he was not entitled to the requested documents.

We similarly find no error in the circuit court's failure to grant petitioner's motion for leave to conduct discovery and motion for discovery. Petitioner is not entitled to discovery as a matter of course, and he failed to establish good cause for leave to conduct discovery. Petitioner's motion for leave summarily concludes that discovery is necessary, but he fails to outline any particular factual dispute, how the requested evidence would assist in resolving such dispute, or how resolution in petitioner's favor would entitle him to relief. Petitioner's brief to this Court similarly lacks any meaningful analysis. Petitioner's assertion that, had the circuit court granted his motions, he "may have been able to demonstrate" that he was entitled to relief is insufficient to demonstrate any error in the circuit court's rulings.

> An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 4, in part, *State v. Myers*, 229 W.Va. 238, 241, 728 S.E.2d 122, 125 (2012) (internal quotations and citations omitted). "Skeletal arguments" that are nothing more than assertions do not preserve claims. *Id.* at 246, 728 S.E.2d at 130. Simply, petitioner's conclusory and undeveloped arguments failed to carry his burden of establishing good cause for leave to conduct discovery or of establishing any error in the circuit court's rulings.

For the foregoing reasons, we affirm the circuit court's December 27, 2016, order denying petitioner's second petition for writ of habeas corpus.

Affirmed.

**ISSUED:** February 23, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker