## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael V.,**
**Plaintiff Below, Petitioner**

**vs.) No. 22-0160** (Morgan County No. CC-33-2021-C-7)

**Shelby Searls, Superintendent,**
**Huttonsville Correctional Center,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael V. appeals the February 14, 2022, order of the Circuit Court of Morgan County that denied his post-conviction petition for a writ of habeas corpus.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Petitioner was convicted on one count of sexual abuse by a custodian, in violation of West Virginia Code § 61-8D-5 (2010), for "engag[ing] in or attempt[ing] to engage in sexual exploitation" of his stepdaughter. This Court affirmed the conviction. *See State v. Michael V.*, No. 19-0427, 2020 WL 4370162, at *1 (W. Va. July 30, 2020) (memorandum decision). The evidence presented at petitioner's trial showed that a deputy sheriff approached a parked vehicle in a remote area of a local park and found petitioner behind the wheel. Petitioner's sixteen-year-old stepdaughter was in the front passenger seat with her shorts around her ankles and a flag covering her lap. The deputy noted that petitioner's penis was erect and that he had a wet spot on his shorts. Petitioner told the deputy he was merely teaching his stepdaughter how to masturbate and that he got excited when he talked about sex. Additionally, he claimed that he never touched his stepdaughter, and that the worst thing he did in the car was lean over and kiss her. Petitioner was arrested for sexual abuse by a custodian and was thereafter charged and convicted of that crime.

---

[1] Petitioner's former counsel, Matthew T. Yanni, filed a brief on his behalf. Mr. Yanni was granted leave to withdraw as counsel, and petitioner is now represented by Jason T. Gain. Respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General Jason D. Parmer. We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

Petitioner subsequently filed the instant petition seeking a writ of habeas corpus. In that proceeding, petitioner moved for an order to test the shorts he was wearing at the time of his arrest to determine whether the wet spot seen on the shorts contained urine or semen. The circuit court denied the motion, concluding that the presence of semen on petitioner's shorts was irrelevant to his habeas claims, largely because he never alleged any prejudice to his case from any lack of testing of the shorts.

Petitioner further claimed his trial counsel failed to investigate whether petitioner suffered from post-traumatic stress disorder ("PTSD") and a traumatic brain injury from his military service; petitioner claims these injuries impacted his memory and caused him to make inappropriate inculpatory statements to the deputy. However, at petitioner's habeas hearing, his trial counsel testified that his decisions regarding the shorts and petitioner's military-related injuries were strategic. Specifically, trial counsel testified that he knew petitioner's shorts had not been tested for genetic material, but decided that instead of focusing on that failure, the better route was to show law enforcement's investigation was insufficient because the investigating officers failed to test the shorts for genetic material. Trial counsel also testified that (1) petitioner failed to come to any of his pretrial appointments to discuss his case with counsel until the day before petitioner's pretrial hearing, and (2) he failed to see any effects of PTSD or other injuries that affected petitioner's competence. Petitioner testified that he delivered his medical records to trial counsel, but, when questioned, could not explain how the records bore on his case. Because of the late production of petitioner's records, the trial court refused to allow their admission at trial. On this evidence, the circuit court entered the order on appeal denying petitioner's request for relief.

Petitioner now appeals the circuit court's order. We apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Petitioner raises three arguments on appeal. Petitioner first argues that the circuit court abused its discretion when it refused petitioner's request to have the shorts he was wearing at the time of his arrest tested for the presence of semen and urine, under Rule 7(a) of the Rules Governing Post-Conviction Habeas Corpus Proceedings. Petitioner contends that the trial court, the jury, and this Court in its memorandum decision denying his direct appeal, all assumed, without evidence in support, that the fluid found on his shorts was semen. Thus, petitioner argues that the court erred in denying his motion to test the shorts. Petitioner contends that if the material on the shorts was found to be urine, it would have suggested his innocence and the reversal of his conviction.

In *State ex rel. Parsons v. Zakaib*, 207 W. Va. 385, 390, 532 S.E.2d 654, 659 (2000), we said that "unlike an ordinary civil litigant, a habeas petitioner 'is not entitled to discovery as a matter of ordinary course.' *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 1797, 138 L.Ed.2d 97, 103 (1997)." We concluded in Syllabus Point 3 of *Parsons* that:

In proceedings under the West Virginia Post-Conviction Habeas Corpus Act, W. Va.Code §§ 53-4A-1 to -11, discovery is available only where a court in the exercise of its discretion determines that such process would assist in resolving a factual dispute that, if resolved in the petitioner's favor, would entitle him or her to relief.

*Id.* at 386, 532 S.E.2d at 655. Nowhere in the record does petitioner show how the testing of his shorts would have altered his conviction for sexual abuse by a parent, guardian, or custodian, a conviction founded on evidence that petitioner engaged in sexual exploitation by either persuading, inducing, enticing or coercing a "child to engage in sexually explicit conduct," or "to display his or her sex organs for the sexual gratification of the parent, guardian, [or] custodian[.]" W. Va. Code § 61-8D-1(10) (2014). "Sexually explicit conduct" includes "masturbation." W. Va. Code § 61-8C-1(7). No relevant law required proof that petitioner ejaculated for him to be found guilty of sexual abuse by a parent, guardian, or custodian under West Virginia Code § 61-8D-5. Accordingly, because the discovery sought would not resolve a factual dispute that would entitle petitioner to relief, we see no abuse of discretion in the circuit court's denial of petitioner's motion for testing of the shorts.

Petitioner's second assignment of error is that his trial counsel was constitutionally ineffective for failing to seek testing of the fluid found on his shorts to determine its nature, i.e., urine or semen. To prove ineffective assistance of trial counsel, a petitioner must demonstrate both deficient performance and prejudice. Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 495 S.E.2d 114 (1995). Petitioner claims that trial counsel was unaware that law enforcement had seized the shorts and, therefore, failed to have them tested. Petitioner contends that if urine was found on the shorts and semen was not, his argument that he was denied a fair trial would be supported.

Petitioner's trial counsel testified at petitioner's omnibus hearing that he made a strategic decision not to have the shorts tested, and instead chose to argue that the State's failure to test the shorts for semen was a rush to judgment against petitioner. When assessing claims of ineffective assistance, habeas courts should "refrain[] from engaging in hindsight or second-guessing of trial counsel's strategic decisions." *Id.* at 6-7, 459 S.E.2d at 117-18, Syl. Pt. 6, in part. "In particular, strategic choices and tactical decisions, with very limited exception, fall outside the scope of this inquiry and cannot form the basis of an ineffective assistance claim." *Meadows v. Mutter*, 243 W. Va. 211, 219, 842 S.E.2d 764, 772 (2020). Accordingly, we find no error in the circuit court's assessment that trial counsel's strategic decision regarding the shorts was reasonable and not deficient.

Petitioner's third and final assignment of error is that trial counsel was constitutionally ineffective for failing to examine petitioner's medical records to find evidence supporting petitioner's claims of PTSD or military-related traumatic brain injuries. Trial counsel testified that petitioner delivered voluminous medical records to him shortly before trial. Trial counsel reviewed the records for relevance, but in his discussions with petitioner, he noted petitioner seemed competent and did not seem to be suffering from any impairment. Petitioner asserts that he hoped the records could be used to get a medical examination "or something to prove that [he] wasn't lying and [he] was telling the truth about what actually happened that night[.]"

3

The record shows that trial counsel was frustrated in his efforts to develop a defense because petitioner failed to appear for any of his scheduled pretrial appointments until the day before his pretrial hearing. Moreover, due to the late production of petitioner's medical records, the trial court refused to allow their admission at trial. Further, petitioner failed to explain to the circuit court with any specificity how his medical records would have helped his defense. On this record, we find no error in the circuit court's determination that trial counsel's performance was not deficient.

Accordingly, we affirm the circuit court's February 14, 2022, order denying the petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** September 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn