## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Gregory A. Smith,**
**Petitioner Below, Petitioner**

**vs.)  No. 22-725** (Berkeley County CC-02-2021-C-229)

**Shawn Straughn, Superintendent,**
**Northern Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gregory A. Smith appeals the Circuit Court of Berkeley County's August 23, 2022, order denying and dismissing petitioner's petition for a writ of habeas corpus.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

On August 11, 2017, petitioner got into an argument with his girlfriend during which he dragged her into an abandoned house, strangled her to the point of unconsciousness, and stole $40 and a cell phone from her. Once she regained consciousness, the victim chased petitioner and demanded the return of her money and cell phone. Petitioner refused, grabbed the victim, and sexually assaulted her. Upon initial questioning, petitioner informed officers that he was the sole owner of the cell phone at issue and that the victim had her own cell phone. However, while being questioned at the police station later, petitioner stated that both he and the victim used the cell phone. Following a jury trial, petitioner was convicted of first-degree robbery, second-degree sexual assault, and third-offense domestic battery. Petitioner appealed his robbery conviction, and we affirmed in *State v. Smith*, No. 19-0223, 2020 WL 598329 (W. Va. Feb. 7, 2020)(memorandum decision) ("*Smith I*"), specifically finding,

> Given petitioner's inconsistent statements and the victim's testimony that the phone belonged to her, it was not unreasonable for the jury to determine that the cell phone belonged to the victim and that petitioner took it from her. Accordingly, we find that there was sufficient evidence to uphold petitioner's conviction of first-degree robbery.

*Id.* at *3.

---

[1] Petitioner appears by counsel Jason T. Gain. Respondent appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Gail V. Lipscomb.

Petitioner filed a petition for a writ of habeas corpus before the circuit court on August 2, 2021, alleging ineffective assistance of trial counsel. That assertion was based on the fact that his trial counsel failed to obtain data from the cell phone petitioner alleges would show he was the owner of the phone, making it impossible for him to rob the victim of the cell phone. Petitioner requested leave of court to conduct limited discovery, but the circuit court denied that motion by order entered on February 2, 2022. In that order, the court found, in relevant part, that "even if [p]etitioner's counsel were to argue that [p]etitioner had some ownership of the phone, [p]etitioner still physically assaulted and took from the victim's person by force and against her will $40 . . . ." It went on to find that "an analysis of the phone would not serve to advance [p]etitioner's proposed arguments." The court, therefore, concluded that petitioner had failed to demonstrate good cause for leave to conduct discovery to obtain the requested data. By order entered on August 23, 2022, the circuit court denied petitioner's petition for a writ of habeas corpus, finding that petitioner is not entitled to relief on his allegation of ineffective assistance of counsel. The court specifically found that petitioner's allegation his trial counsel failed to adequately investigate the stolen cell phone was not sufficiently supported by the facts as alleged in the pleadings. It further noted that both the trial court and this Court reviewed the evidence developed at trial and found it sufficient to support the jury's verdict. Petitioner appeals from that order.

We have previously held:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a de novo review." Syl. pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Thompson v. Ballard,* 229 W. Va. 263, 728 S.E.2d 147 (2012).

On appeal, petitioner argues that the circuit court erred by denying his request to conduct limited discovery. This Court has held that

> [i]n proceedings under the West Virginia Post-Conviction Habeas Corpus Act, W. Va. Code §§ 53-4A-1 to -11, discovery is available only where a court in the exercise of its discretion determines that such process would assist in resolving a factual dispute that, if resolved in the petitioner's favor, would entitle him or her to relief.

Syl. Pt. 3, *State ex rel. Parsons v. Zakaib*, 207 W. Va. 385, 532 S.E.2d 654 (2000). While petitioner failed to include the testimony in his appendix record, respondent provided a portion of the trial testimony of the victim and Officer Harper, one of the officers involved in petitioner's criminal investigation, in a supplemental appendix.[2] Officer Harper testified that he found a cell phone on petitioner's person that petitioner claimed to be his. According to Officer Harper, after petitioner

---

[2] Petitioner did not include any transcripts in the record before this Court, but it does not appear that trial counsel testified during the habeas proceeding.

was read his Miranda rights, petitioner changed his account to the phone belonging to both of them. Further, the victim testified that both she and petitioner used that cell phone. Thus, the jury was aware there was a dispute regarding the ownership of the cell phone. Additionally, as this Court previously found, "it was not unreasonable for the jury to determine that the cell phone belonged to the victim and that petitioner took it from her." *Smith I* at *3. Moreover, as petitioner acknowledges, while petitioner was found guilty of only one count of robbery, the victim alleged that petitioner also stole $40 from her. For these reasons, we find that the circuit court did not abuse its discretion in determining that petitioner failed to show good cause to conduct discovery in his habeas action. That finding goes hand in hand with the court's conclusion that petitioner received effective assistance of trial counsel as to the investigation of the cell phone.

For the foregoing reasons, we affirm the circuit court's August 23, 2022, denial of petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** February 20, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn