# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Tex H.,
**Petitioner Below, Petitioner**

**FILED**

**June 17, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 18-0016** (Fayette County 17-C-330)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tex H.,[1] pro se, appeals the December 11, 2017, order of the Circuit Court of Fayette County dismissing his petition for a writ of habeas corpus and denying his motion for appointment of counsel, motion for discovery, and motion to disqualify the presiding judge. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex,[2] by counsel Caleb A. Ellis, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Since the filing of the appeal in this case, the superintendent at Mount Olive Correctional Complex has changed and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

1

In November of 2004, petitioner was convicted in the Circuit Court of Fayette County of eight counts of incest, eight counts of sexual abuse in the second degree, and eight counts of sexual abuse by a parent or custodian. The victim was petitioner's step-granddaughter, S.L.M., who testified against him at trial.[3] The circuit court sentenced petitioner to consecutive terms of incarceration for an aggregate sentence of 199 to 480 years. On November 17, 2005, this Court refused petitioner's criminal appeal.

Petitioner has filed five petitions for a writ of habeas corpus. Petitioner's first petition was dismissed without a hearing by order entered November 16, 2006. On December 14, 2006, petitioner filed a motion for appointment of counsel for purposes of appealing the circuit court's November 16, 2006, order. However, petitioner's motion was not filed in his first habeas proceeding, but in the underlying criminal case. The circuit court entered a December 26, 2006, order appointing petitioner an attorney in the criminal case. The circuit court appointed an attorney to represent petitioner not in an appeal of the November 16, 2006, dismissal, but in a "habeas corpus" proceeding "before this [c]ourt." Subsequently, petitioner pro se filed his second habeas petition on November 19, 2007, and the same attorney was reappointed as habeas counsel for petitioner in that proceeding.

Petitioner received a hearing in his second habeas proceeding, during which he submitted a *Losh* checklist on May 28, 2008.[4] At a February 11, 2009, evidentiary hearing, petitioner's attorney listed the issues that petitioner wanted the circuit court to consider. Petitioner's habeas attorney introduced the deposition testimony of his trial attorney into evidence and petitioner testified as to his allegations that trial counsel provided ineffective assistance. S.L.M. was also called as a witness by petitioner regarding a prior alleged recantation of her trial testimony. By order entered October 23, 2009, the circuit court denied petitioner's second habeas petition. The circuit court found that the grounds for habeas relief raised in petitioner's May 28, 2008, *Losh* checklist "fail[ed] to rise to the requisite constitutional dimension to be sufficient habeas corpus relief." The circuit court deemed all issues not raised in petitioner's amended habeas petition or the *Losh* checklist "intentionally, knowingly[,] and voluntarily waived." Petitioner appealed the October 23, 2009, denial of habeas relief; however, this Court refused his appeal by order entered September 9, 2010.

Petitioner filed a third habeas petition on October 8, 2010, which the circuit court dismissed on October 10, 2010. Petitioner appealed the dismissal of that petition in *[Tex H.] v. Ballard* ("*Tex H. I*"), No. 101437, 2012 WL 2988769 (W.Va. Mar. 12, 2012) (memorandum decision), in which this Court affirmed the circuit court's October 10, 2010, order.

---

[3]At a February 11, 2009, habeas corpus hearing, S.L.M. testified that she was twelve or thirteen years old when the alleged conduct occurred.

[4]In *Losh v. McKenzie*, 166 W.Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981), we compiled a non-exclusive list of potential grounds that a circuit court should address with a habeas petitioner as to whether each ground was being either waived or raised in the proceeding.

Petitioner filed a fourth habeas petition on November 19, 2015, which the circuit court dismissed on December 23, 2015. Petitioner appealed the dismissal of that petition in *Tex H. v. Ballard* ("*Tex H. II*"), No. 16-0033, 2017 WL 1102791 (W.Va. Mar. 24, 2017) (memorandum decision). This Court affirmed the dismissal of petitioner's fourth habeas petition, finding that "his second habeas proceeding qualifie[d] as an omnibus habeas corpus proceeding under . . . *Losh* [*v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981)]." *Id.* at *5.

Petitioner filed the instant habeas petition on November 14, 2017. To overcome the doctrine of res judicata, as set forth in syllabus point two of *Losh*,[5] petitioner argued that the attorney who represented him in the second habeas proceeding was actually appointed to appeal the dismissal of his first petition and the attorney's failure to appeal the prior dismissal tainted the second proceeding with unfairness. Petitioner further argued that the judge who presided in all of his habeas proceedings, including the instant one, was prejudiced against him. Accordingly, petitioner filed a motion to disqualify the judge in addition to motions for appointment of counsel and discovery. By order entered December 11, 2017, the circuit court rejected petitioner's claims, dismissed the instant petition, and denied the various motions, including the motion for the judge's disqualification.

It is from the circuit court's December 11, 2017, order dismissing his habeas petition that petitioner now appeals. In syllabus points one and three of *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016), we held:

> 1. "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

> ****

---

[5]In syllabus point two of *Losh*, we held:

> A judgment denying relief in post-conviction habeas corpus is *res judicata* on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared pro se having knowingly and intelligently waived his right to counsel.

166 W.Va. at 762, 277 S.E.2d at 608.

3.  "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

In syllabus point four of *Losh*, we held:

A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

166 W.Va. at 762-63, 277 S.E.2d at 608.

On appeal, petitioner raises a multitude of issues. Respondent counters that petitioner raised only two issues before the circuit court: (1) his habeas attorney's failure to appeal the dismissal of his first habeas petition after allegedly being appointed to do so; and (2) the alleged prejudice of the presiding judge necessitating the judge's disqualification. Upon our review of the instant petition, we agree with respondent's characterization and will address only those issues petitioner raised before the circuit court. *See* Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958) (holding that we "will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance").

Petitioner argues that the attorney who represented him in the second habeas proceeding was actually appointed to appeal the dismissal of his first petition and failed to do so. In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995) (adopting *Strickland*).[6] Moreover, "[i]n reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions." *Id.* at 6-7, 459 S.E.2d at 117-18, syl. pt. 6.

In rejecting this ground for relief, the circuit court found that there was no appointment of

---

[6]The second prong of the *Strickland/Miller* standard is often referred to as the prejudice prong. *See State v. Hutton*, 235 W.Va. 724, 739, 776 S.E.2d 621, 636 (2015).

appellate counsel in the first habeas proceeding. Upon review of the record, we agree and find that petitioner's motion was not filed in his first habeas proceeding, but in the underlying criminal case. In the circuit court's December 26, 2006, order, also entered in the criminal case, the court appointed counsel not to represent petitioner in an appeal of the November 16, 2006, dismissal, but in a "habeas corpus" proceeding "before this [c]ourt." We find that, based on the record, petitioner's habeas attorney believed that he was appointed to file an amended petition in the first proceeding and did not learn that the first petition had been dismissed until a later date. Thereafter, the same attorney was also appointed to represent petitioner in the second habeas proceeding.

This Court has consistently declined to review some issues such as ineffective assistance of counsel if they are not first factually developed in a habeas proceeding. *See Losh*, 166 W.Va. at 767, 277 S.E.2d at 610 (finding that certain issues, "such as incompetency of counsel, of which [the inmate] would have been unaware at trial, must be litigated in a collateral proceeding"); Syl. Pt. 10, in part, *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992) (holding that "[t]he prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied"). In the second proceeding, the habeas attorney developed the issue of ineffective assistance of trial counsel by introducing the deposition testimony of petitioner's trial attorney into evidence and by presenting petitioner's testimony. Consequently, respondent argues that, assuming arguendo the habeas attorney misunderstood the nature of his original appointment, it did not prejudice petitioner. We agree. As we found in *Tex H. II*, petitioner's second proceeding met the standards for an omnibus habeas proceeding: an evidentiary hearing and effective assistance of counsel. 2017 WL 1102791, at *3-5. In addition, after the denial of habeas relief in the second proceeding, a different attorney represented petitioner on appeal. In *Tex H. I*, we rejected petitioner's contention that both his habeas trial counsel and his habeas appellate counsel were ineffective. 2012 WL 2988769, at *2. Therefore, given that petitioner cannot show that he was prejudiced from the lack of an appeal in his first habeas proceeding, we find that the circuit court properly rejected this ground for relief.

We further find that we addressed petitioner's allegations of bias against the presiding judge in *Tex H. II* wherein we found "insufficient evidence to warrant [the judge]'s disqualification." 2017 WL 1102791, at *3 n.7. Respondent argues that petitioner presents no new allegations and that petitioner's disagreement with the judge's substantive rulings constitute an insufficient basis on which to disqualify the judge. *See State v. Brown*, 177 W.Va. 633, 641, 355 S.E.2d 614, 622 (1987) (finding that there was no reason to question the trial judge's impartiality and that the judge's "rulings on the appellant's pretrial motions had a reasonable basis in law"). We agree with respondent and find that the circuit court properly rejected this ground for relief. Similarly, assuming arguendo that the judge should have transmitted petitioner's motion for disqualification to this Court for a ruling by the Chief Justice pursuant to West Virginia Trial Court Rule 17.01(b), the fact that the judge denied the motion himself constituted harmless error. *See Shenandoah Sales & Service, Inc. v. Assessor of Jefferson County*, 228 W.Va. 762, 773, 724 S.E.2d 733, 744 (2012) (finding that a failure to follow proper procedure in ruling on a motion for disqualification was harmless error when there is insufficient evidence to warrant the judge's disqualification).

Finally, we find that the circuit court properly denied petitioner's motion for appointment of counsel and his motion for discovery because the court was able to render a decision based on "the petition, exhibits, affidavits[, and] other documentary evidence filed therewith." Syl. Pt. 3, *Anstey*, 237 W.Va. at 412, 787 S.E.2d at 866 (Internal quotations and citations omitted.); *see* Syl. Pt. 3, *State ex rel. Parsons v. Zakaib*, 207 W.Va. 385, 532 S.E.2d 654 (2000) (holding that discovery in a habeas proceeding is at the court's discretion). Therefore, we conclude that the circuit court did not err in dismissing petitioner's habeas petition and denying his various motions.

For the foregoing reasons, we affirm the circuit court's December 11, 2017, order dismissing petitioner's petition for a writ of habeas corpus and denying his motion for appointment of counsel, motion for discovery, and motion to disqualify the presiding judge.

Affirmed.

**ISSUED**:   June 17, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

6