# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Dallas Butler,**
**Petitioner Below, Petitioner**

**vs)    No. 18-0404** (Harrison County 17-C-203)

**J.T. Binion, Superintendent,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**December 20, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Dallas Butler, pro se, appeals the April 5, 2018, order of the Circuit Court of Harrison County denying his second petition for a writ of habeas corpus. Respondent J.T. Binion, Superintendent, Huttonsville Correctional Center,[1] by counsel Elizabeth Davis Grant, filed an amended response in support of the circuit court's order.[2] Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In *State v. Butler* (*Butler I*), No. 11-1191, 2012 WL 4054108, at *1 (W.Va. Sept. 7, 2012) (memorandum decision), this Court set forth the underlying facts and procedural history:

> During the May of 2010 term, a Harrison County Grand Jury indicted petitioner on one count of malicious assault and one count of kidnapping. These charges stemmed from events that transpired on January 17, 2010, during which

---

[1]Since the filing of the appeal in this case, the superintendent at Huttonsville Correctional Center has changed and the superintendent is now J.T. Binion. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

[2]By amended scheduling order entered October 4, 2018, this Court refused petitioner's motion to exceed the page limit and directed him to file a brief in compliance with Rule 38 of the West Virginia Rules of Appellate Procedure on or before November 9, 2018, and directed respondent to file an amended response on or before December 26, 2018.

1

petitioner repeatedly hit his ex-wife, Barbara Price. According to testimony during petitioner's jury trial, Ms. Price was doing laundry at her mother's house when petitioner arrived in a vehicle. Upon approaching petitioner, he called Ms. Price a "dirty whore" and began hitting her. Ms. Price further testified that petitioner told her she was leaving the home with him. When she refused, petitioner threatened members of her family, and Ms. Price testified that petitioner had a knife in his possession throughout the ordeal. The two left the premises, and petitioner continued to physically assault Ms. Price, telling her how much he hated her and that she needed to die. According to her testimony, Ms. Price attempted to flee on one occasion, but petitioner hit her so hard she blacked out. Ms. Price further testified that petitioner threatened to cut her and throw her in a well so as to conceal his crime. Eventually, petitioner returned Ms. Price home and told her family she had a seizure. Her family called 911, and Ms. Price told the responding emergency personnel that petitioner caused her injuries. Ms. Price remained hospitalized for several days, including treatment in the intensive care unit.

Following a jury trial, petitioner was convicted on both counts and a recidivist information was filed. Petitioner admitted he was the same individual named in the information, and he was thereafter sentenced to life, with mercy, in prison for the offense of kidnapping, and a concurrent term of four to ten years of incarceration for malicious assault. . . .

In *Butler I*, petitioner argued that the evidence was insufficient to support his convictions. *Id.* at *1-4. This Court affirmed petitioner's convictions, finding that there was sufficient evidence. *Id.* With regard to the kidnapping conviction, we rejected petitioner's argument that while the indictment alleged that petitioner kidnapped the victim to evade arrest, no such evidence was adduced at trial. *Id.* at *3. We further noted the victim's testimony "as to petitioner's multiple threats to cut her up and throw her in a well so as not to be arrested in relation to the crimes." *Id.*

On September 12, 2012, five days after this Court's decision in *Butler I*, petitioner, pro se, filed a petition for a writ of habeas corpus. The circuit court appointed petitioner habeas counsel, who filed an amended petition on August 14, 2013. Respondent filed an answer to the amended petition on September 11, 2013. On October 2, 2013, the circuit court held an omnibus hearing.[3] After being sworn, petitioner confirmed which issues he was raising from the *Losh* checklist.[4] The court cautioned petitioner that "by waving each of these grounds[,] you will be forever barred from attempting to raise any of these grounds at a later date in state court." Petitioner testified that he

---

[3]Petitioner appeared at the October 2, 2013, omnibus hearing via video conference.

[4]In *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606, (1981), we compiled a nonexclusive list of potential grounds that a circuit court should address with a habeas petitioner as to whether each ground was being either waived or raised in the proceeding. *Id.* at 768-70, 277 S.E.2d at 611-12.

"under[stood] those rights." The court twice asked whether petitioner consulted with habeas counsel regarding which issues to waive, to which petitioner responded in the affirmative.

Petitioner's habeas counsel advised the circuit court that petitioner would rely on the record for evidentiary proof of his claims and that petitioner would not testify as to the merits of the claims, explaining that his testimony would not be beneficial regarding the "problems with the [i]ndictment in this case." Habeas counsel argued that West Virginia Code § 61-2-14a sets forth various sentences for kidnapping and that, for a life term of incarceration to be imposed, the indictment must allege that there was bodily harm to the victim. While the indictment alleged that petitioner kidnapped the victim to evade arrest, habeas counsel further argued that no such evidence was adduced at trial. Accordingly, petitioner should have received a sentence of ten to thirty years of incarceration for his kidnapping conviction pursuant to West Virginia Code § 61-2-14a(a)(4) (1999),[5] or in the alternative, a judgment of acquittal with regard to that charge given the lack of evidence showing that petitioner intended to evade arrest.

With regard to petitioner's claim of ineffective assistance of trial counsel, the circuit court asked petitioner whether he consulted with habeas counsel with regard to waiving the attorney-client privilege. Petitioner responded in the negative. The court then allowed petitioner to confer with habeas counsel off-the-record. Thereafter, petitioner waived the attorney-client privilege as to his trial counsel's testimony. Petitioner's trial counsel was called as a witness by respondent and cross-examined by petitioner's habeas counsel.

Finally, petitioner's habeas counsel advised the circuit court that there were issues not raised at the hearing but that petitioner wished to preserve these issues for the court's consideration. Habeas counsel explained that he did not necessarily agree with petitioner that the remaining issues were meritorious, but inquired whether the court desired petitioner "to place those arguments on the record" to the extent that they were not already raised. The court stated that those issues "had been addressed previously." Habeas counsel agreed, stating that "I know that they're in the petition."

The court directed the parties to file post-hearing memoranda of law. Respondent filed a memorandum of law on October 8, 2013, and petitioner filed a memorandum of law on November 4, 2013. In an order entered February 25, 2015, the circuit court addressed seventeen grounds for relief: (1) mental competency at the time of trial; (2) mental competency at the time of trial, even if not previously raised; (3) denial of petitioner's request to substitute trial counsel or allow petitioner to proceed pro se with standby counsel (with two sub-grounds); (4) suppression of evidence favorable to the defense (with two sub-grounds); (5) knowing use of perjured testimony by the State; (6) plea offer by the State not accepted by petitioner; (7) erroneous information in the presentence report; (8) ineffective assistance of trial counsel (with twenty-two sub-grounds); (9) challenges to the grand jury composition and procedures; (10) defects in the indictment (with two sub-grounds); (11) failure to subpoena witnesses; (12) nondisclosure of grand jury minutes; (13) mental competency at the time of the offenses; (14) constitutional errors in evidentiary rulings; (15) improper comments by the prosecutor; (16) insufficient evidence, and (17) improper

---

[5]The 1999 version of the statute was in effect at the time of petitioner's crimes.

communications between the prosecutor and a witness or the jury. The court found that none of petitioner's grounds had merit and denied his habeas petition.

Petitioner appealed the circuit court's February 25, 2015, order in *Butler v. Plumley* (*Butler II*), No. 15-0213, 2016 WL 6819044, at *2 (W.Va. Nov. 18, 2016) (memorandum decision), raising ineffective assistance of trial counsel and insufficient evidence to support his kidnapping conviction.[6] This Court rejected both assignments of error and found that petitioner "failed to provide a sufficient factual basis upon which this Court could grant a single claim." *Id.* at *2-3. With regard to the allegedly insufficient evidence, petitioner argued that because the indictment did not contain any language regarding bodily harm to the victim, the jury could not have made that determination. *Id.* We found that "petitioner previously raised this claim in his direct appeal" and that in *Butler I*, "the Court [found] no merit in petitioner's argument in regard to the sufficiency of the evidence for his kidnapping conviction." *Id.* (internal quotations and citation to *Butler I* omitted). Accordingly, we concluded that the doctrine of res judicata precluded petitioner from re-raising the issue. *Id.* at *3.

On June 19, 2017, petitioner filed pro se a second habeas petition.[7] Petitioner argued that his habeas counsel was ineffective in not having him testify as to the merits of his claims at the October 2, 2013, omnibus hearing. Also, petitioner reasserted that there were twenty-four instances where his trial attorney provided ineffective assistance and argued that neither habeas counsel nor habeas appellate counsel developed the record regarding the claims of ineffective assistance. In an order entered April 5, 2018, the circuit court declined to review petitioner's ineffective assistance of trial counsel claims a second time. The court found that petitioner was attempting to assert those grounds under the guise of ineffective assistance of habeas counsel despite the previous and final adjudication of the claims in *Butler II*. With regard to habeas counsel's choice not to have petitioner testify at the omnibus hearing, the court found that counsel was entitled to make that decision as a matter of strategy given that counsel's belief that petitioner's testimony would not be beneficial. Accordingly, the circuit court denied the habeas petition.

It is from the circuit court's April 5, 2018, order that petitioner now appeals. In Syllabus Point 1 of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016), we held:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

In Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we held,

---

[6]We take judicial notice of the record in *Butler II*.

[7]Petitioner also filed a waiver stating that he did not want to be appointed habeas counsel.

4

in pertinent part:

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]

In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995) (adopting *Strickland*). "Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *State ex rel. Vernatter v. Warden, W.Va. Penitentiary*, 207 W. Va. 11, 17, 528 S.E.2d 207, 213 (1999) (citing *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 321, 465 S.E.2d 416, 423 (1995)).

On appeal, petitioner argues that the circuit court erred in finding that he was attempting to revisit his ineffective assistance of trial counsel claims under the guise of an ineffective assistance of habeas counsel claim. Petitioner argues that he discussed the alleged instances where trial counsel provided ineffective assistance only to show that habeas counsel and habeas appellate counsel failed to develop the record regarding those claims. Respondent counters that the circuit court properly denied petitioner's second habeas petition. We agree with respondent.

Based on our review of the October 2, 2013, omnibus hearing transcript and the appellate record from *Butler II*, we find that a multitude of issues were raised on petitioner's behalf. While an allegedly defective indictment, insufficient evidence, and ineffective assistance of trial counsel were raised at the omnibus hearing, habeas counsel noted that there were other issues petitioner wished to preserve for the court's consideration and argued that the record provided evidentiary proof for petitioner's claims. While the circuit court later summarily disposed of certain issues in its February 25, 2015, order denying petitioner's first habeas petition, the court extensively discussed other issues, such as ineffective assistance of trial counsel, before determining that the claims did not entitle petitioner to habeas relief. Therefore, contrary to petitioner's argument that habeas counsel and habeas appellate counsel failed to develop the record, we conclude that the record, which included trial counsel's testimony at the omnibus hearing, was sufficiently developed.

Petitioner further argues that his habeas attorney was ineffective in not having petitioner testify at the omnibus hearing. Based on our review of the omnibus hearing transcript, we find that petitioner's habeas counsel offered to have petitioner testify if the circuit court determined that such was required. The court found that petitioner's testimony was unnecessary as to the issues raised in the habeas petition. With regard to issues that were raised at the omnibus hearing, habeas counsel explained that petitioner's testimony would not be beneficial regarding the "problems with the [i]ndictment in this case." Petitioner argues that habeas counsel's determination was incorrect given that the defective indictment argument was intertwined with the insufficiency of the

evidence argument. However, we find that this argument is tantamount to asking this Court to review habeas counsel's decision not to have him testify in hindsight, which we decline to do in accordance with the *Strickland/Miller* standard. *See Miller*, 194 W. Va. at 6-7, 459 S.E.2d at 117-18, syl. pt. 6 (holding, in pertinent part, that courts reviewing an attorney's performance should "refrain[ ] from engaging in hindsight or second-guessing of trial counsel's strategic decisions").

We further find that any alleged deficiency in habeas counsel's and habeas appellate counsel's performance did not result in the denial of relief in *Butler II*. Petitioner was convicted in his criminal case and subsequently denied habeas relief because there was sufficient evidence of his guilt beyond a reasonable doubt. This Court found that sufficient evidence existed for petitioner's convictions in *Butler I*, and, in *Butler II*, we determined that our prior finding precluded petitioner from re-raising the issue pursuant to the doctrine of res judicata. *Butler II*, 2016 WL 6819044, at *3; *see Losh*, 166 W. Va. at 765, 277 S.E.2d at 609 (finding that the doctrine of res judicata applies where an issue has been fully litigated in the criminal proceeding).

Because petitioner's ineffective assistance claims fail both prongs of the *Strickland/Miller* test, we reject petitioner's arguments that this case should be remanded for a hearing or retention of a private investigator for his use. In Syllabus Point 3 of *Anstey*, we held:

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing . . . if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004).

237 W. Va. at 412, 787 S.E.2d at 866. In Syllabus Point 3 of *State ex rel. Parsons v. Zakaib*, 207 W. Va. 385, 532 S.E.2d 654 (2000), we held that in a habeas case, "discovery is available only where a court in the exercise of its discretion determines that such process would assist in resolving a factual dispute that, if resolved in the petitioner's favor, would entitle him or her to relief." Here, we find no such factual dispute and conclude that the circuit court did not abuse its discretion in denying petitioner's second habeas petition.

For the foregoing reasons, we affirm the circuit court's April 5, 2018, order denying petitioner's second petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: December 20, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison